In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01075-CR

____________


JOSE LUIS HERNANDEZ, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 184th District Court

 Harris County, Texas

Trial Court Cause No. 864946.






O P I N I O N

 A jury convicted appellant of delivery of marihuana, weighing more than
five but less than 50 pounds. After finding one enhancement paragraph true, the jury
assessed punishment at 61 years in prison and a $5,000 fine. We affirm. 

FACTS

 On January 2, 2001, Pasadena Police Officer Villareal went to a body shop
to make an undercover purchase of marihuana. He was "wired" so that a surveillance
team could hear and record his conversations. When he entered the body shop, he
spoke with appellant's co-defendant about purchasing the marihuana. The co-defendant agreed to sell Officer Villareal 40 pounds of marihuana, but he did not
have the entire amount at the body shop. The co-defendant told Officer Villareal that
he needed 30 minutes to get the marihuana and that he would call Officer Villareal
when the marihuana arrived. Appellant was not present during the negotiations. 
Officer Villareal left the body shop. 

 Later, Pasadena Police Officers Bangilan and Dudley, who were separately
maintaining surveillance of the co-defendant's body shop and listening to the parties'
conversations, saw a vehicle leave the body shop. They followed the vehicle to a
nearby residence, witnessed appellant go inside and come out with two large trash
bags, and drive his vehicle back to the body shop. Officer Villareal received a phone
call several hours later informing him that the marihuana was available. When
Officer Villareal returned to the shop, he was greeted by appellant and other
individuals and was directed toward the marihuana. Officer Villareal then signaled
the surveillance team to come to the shop, to make the appropriate arrests, and to take
possession of the marihuana. 

IMPROPER JURY ARGUMENT


 In his sole point of error, appellant contends that the trial judge erred by
denying his request for a mistrial. During the State's punishment-phase jury
argument, the following exchange occurred:

 State: Okay? Now, you have heard about
[appellant's] priors. Not only does he
have a prior possession of marihuana,
and let's see that was 5 to 50 pounds. 
Sound familiar? 

 . . . .

 Also in here is a J & S for possession
of a controlled substance for which he
went to the penitentiary. So he has got
that. He also has [sic] illegally
transporting aliens.

 . . . .

 Ladies and gentlemen, I think we can
use our reason and our common sense
to think what else he may be
transporting than just aliens.


 Appellant: Your honor, we would object to that
comment.


 Court: Sustained.


 Appellant: Ask that it be stricken from the record.


 Court: Be stricken.


 Appellant: Ask to disregard that comment, your

 Honor.


 Court: Jury will disregard.


 Appellant: Ask for a mistrial, your Honor.


 Court: Denied.

 Appellant complains on appeal that the State's jury argument allowed the
jury to speculate about an extraneous offense not in evidence. Appellant further
argues that harm is evident because the State recommended that the jury assess 60
years of confinement in prison, and the jury actually assessed 61 years of confinement
in prison and a $5,000 fine. He also contends that he was just a "gopher" and that his
co-defendant was the drug dealer.

 We generally presume that the jury will follow the trial judge's instruction
in the manner in which the instructions are presented. See Colburn v. State, 966
S.W.2d 511, 520 (Tex. Crim. App. 1998); Williams v. State, 937 S.W.2d 479, 490
(Tex. Crim. App. 1996) (jury presumed to follow judge's instructions as given). A
mistrial should be granted only if the improper statement is "clearly calculated to
inflame the minds of the jury and is of such character as to suggest the impossibility
of withdrawing the impression produced on their minds." Gardner v. State, 730
S.W.2d 675, 696 (Tex. Crim. App. 1987). 

 We review the record in its entirety. The State offered evidence of
appellant's prior convictions relating to the possession of 5 to 50 pounds of
marihuana, the possession of a controlled substance, and the illegal transport of
aliens. Further, the State made no comment about the smuggling of narcotics after
the instruction to disregard was given. As to the appellant's punishment being longer
than that recommended by the State, the range of punishment for appellant's crime
with the enhancement was 5 to 99 years confinement and a $10,000 fine. The jury
assessed appellant's punishment at 61 years in prison and a $5,000 fine, which is 38
years and $5,000 less than the maximum penalty allowed by law. We conclude that
the judge's instruction to disregard was proper and appellant failed to rebut the
presumption that the jury obeyed the instruction. See Colburn v. State, 966 S.W.2d
at 520.

 We overrule appellant's sole point of error. The judgment of the trial court is affirmed. 


 Jackson B. Smith, Jr. (1)

 Justice 

 

Panel consists of Justices Jennings, Radack, and Smith. 

Do not publish. Tex. R. App. P. 47.
1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.